IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT BASS,                        )
                                    )
            Petitioner              )
                                    )
        v.                          )       No. 10 C 8025
                                    )
LISA MADIGAN, Attorney              )
General of the State of             )
Illinois,                           )
                                    )
            Respondent              )

MEMORANDUM OPINION AND ORDER

Robert Bass ("Bass") has filed a Clerk's-Office-supplied

"Petition under 28 USC §2254[1] for Writ of Habeas Corpus by a

Person in State Custody."[2]  But what he is complaining about is a

conviction that goes back to 1995 (when he was 17 years old), in

which he asserts that his constitutional rights were violated.

There is no doubt about that -- here is how he frames his prayer

_____

    [1]   All further citations to provisions of Title 28 will
simply take the form "Section --."

    [2]   Bass' filing reflects that he is proceeding under the
tutelage of someone who describes himself as a "Senior Law Clerk"
at Bass' place of incarceration:  the United States Penitentiary
at Atwater, California.  Unfortunately for Bass, that assistance
(though certainly well-intentioned) is obviously unsound in legal
terms.  At the very outset, the Petition form itself specifies
that the proper respondent is Bass' custodian (one of the most
basic fundamentals in habeas jurisprudence), and that is clearly
not Illinois Attorney General Lisa Madigan.  That alone should
have steered Bass' (and the law clerk's) efforts in a different
direction.  But although this may provide only cold comfort for
Bass, it doesn't seem that the mistaken approach has caused him
any harm, for the passage of so many years since the occurrence
about which he is complaining would appear to doom any current
attempt to get relief.

for relief:

> 1.    Order his 1994 State robbery conviction and sentence vacated due to the violation of his constitutional rights and/or violation of criminal procedures.
> 2.    Order his State 1994 robbery conviction changed, nunc pro tunc, to a juvenile conviction (nullifying his adult conviction.

What Bass obviously does not understand is that any such attack is misguided for a number of reasons.  This memorandum opinion and order will go on to identify some of those (although the matters set out here may not be fully exhaustive), any one of which reasons requires dismissal of this action.

First of course is the already-mentioned fact that Bass is not "in custody pursuant to the judgment of a State Court," which Section 2254(a) and (b) make the essential prerequisite for any federal habeas proceeding.  True enough, Bass' earlier misguided effort to seek relief under 42 U.S.C.§ 1983 (in Case No. 10 C 1142, Bass v. State Attorney) was dismissed by this Court's colleague Honorable George Lindberg on March 2, 2010, and Judge Lindberg's minute order of dismissal there said that any effort to change Bass' custodial status had to be asserted in a habeas action rather than in a Section 1983 lawsuit.

But whatever may be said about that dismissal order, Bass' current submission makes it clear that he is now in federal custody on a federal sentence (one that he claims is affected by the asserted constitutional violation committed in the state case some 15 years back).  And that simply does not bring Bass within

2

the purview of Section 2254.

Nor would Bass fare any better if his action were to be
viewed instead through the lens of a Section 2255 motion.  In
that respect, he has not asserted (as Section 2255(a) requires)
that his federal sentence was imposed in violation of the United
States Constitution or laws, in addition to which any Section
2255 motion would have to be brought before the court that
imposed the federal sentence (not this United States District
Court for the Northern District of Illinois).

As if those things were not enough (and they are clearly
more than enough), any Section 2254 action or Section 2255 motion
is subject to a one-year limitation period.  As for the former,
the clock for attacking the 1995 state court conviction (see
Section 2244(d)) ran out many years ago.  And as for the latter,
the one-year period prescribed by Section 2255(d) also appears to
have expired long since -- but in any event this Court has no
authority to convert Bass' current filing into a Section 2255
motion, especially where this is the wrong forum for any such
motion anyway.

In summary, both the Petition and this action are dismissed
pursuant to Rule 4 of the Rules Governing Section 2254 cases in
the United States District Courts.  This Court expresses no
ultimate view as to whether Bass has any relief still available

to him via any route for the grievance he currently seeks to advance.

_____

Milton I. Shadur
Senior United States District Judge

Date:     December 21, 2010