IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT BASS,                          )
                                      )
                  Petitioner          )
                                      )
          v.                          )    No. 10 C 8025
                                      )    (USCA No. 11-1335)
LISA MADIGAN, Attorney                )
General of the State of               )
Illinois,                             )
                                      )
                  Respondent          )

MEMORANDUM ORDER

This Court has just received from our Court of Appeals a
copy of its February 23, 2011 order ("Order") that, because
petitioner-appellant Robert Bass ("Bass") had erroneously filed
his motion for leave to appeal in forma pauperis with that court
rather than in this District Court, transferred the matter here
for a ruling on the motion.  On February 10 this Court had issued
its statement as to certificate of appealability, explaining its
view that no such certificate should issue because Bass had
clearly not made a substantial showing of the denial of a
constitutional right (see 28 U.S.C. §2253(c)(2)).[1]  What was said
there, and what had been explained at somewhat greater length in
this Court's December 21, 2010 memorandum opinion and order
("Opinion") dismissing this action, applies with equal force to
call for the denial of in forma pauperis status on Bass' putative

_____

        [1]    All further references to Title 28's provisions will
simply take the form "Section--."

appeal.

Briefly, the granting of in forma pauperis status requires both a showing of financial inability to pay the filing fee and the assertion of at least one claim that is nonfrivolous in the legal sense. Here Rule 1(a) of the Rules Governing Section 2254 Cases in the United States District Courts makes it clear that Bass' petition is nonactionable under Section 2254--as the Opinion explained, "Bass clearly faces no 'future custody under a state-court judgment'--he has long since served his time under his 1994-95 state conviction, and both his present and his future involve _federal_ custody on a _federal_ sentence."

Because Bass has clearly not made a substantial showing of the denial of a constitutional right (see Section 2253(c)(2)), he has no even arguably viable Section 2254 claim. Hence this Court denies his in forma pauperis motion. As the Court of Appeals' Order reflects, he may renew that motion before that court pursuant to Fed. R. App. P. 24.

_____

Milton I. Shadur
Senior United States District Judge

Date: February 24, 2011